UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sheet Metal Workers' Local Union No. 80
Pension Trust Fund, et al.

    Plaintiffs,                                   Case No. 10-10275

v.                                              Honorable Sean F. Cox

Dennis Heating & Cooling, Inc.

    Defendant.
_____/

## OPINION & ORDER
## GRANTING MOTION FOR DEFAULT JUDGMENT

Plaintiffs are a collection of local and national employee-benefit-fund trustees with the Sheet Metal Workers' Local Union No. 80. This ERISA and LMRA action, in which the Plaintiff Trust Funds seek to recover delinquent fringe benefits allegedly owed by Defendant Dennis Heating & Cooling, Inc. ("Defendant"), is currently before the Court on Plaintiffs' Motion for Default Judgment. For the reasons below, the motion shall be **GRANTED**.

BACKGROUND

On January 20, 2010 Plaintiffs filed a complaint alleging that Defendant failed to pay benefit-fund contributions for worked performed by employees of the Defendant. (Docket Entry No. 1). Plaintiffs personally served Defendant with a summons and a copy of the Plaintiffs' complaint on February 2, 2010. (Docket Entry No. 3). In their complaint, Plaintiffs allege that Defendant owes $26,224.54 in delinquent contributions for work performed during the period of January 2004 through June 2009. (Docket Entry No. 1).

Defendant did not file an answer or otherwise appear in this action. A Clerk's Entry of

1

Default was entered on April 26, 2010. (Docket Entry No. 9).

On July 12, 2010, Plaintiffs filed the instant Motion for Default Judgment. (Docket Entry No. 10). Subsequently, Plaintiffs filed a supplemental brief in support of their motion for default judgment on August 23, 2010. This Court held a hearing on Plaintiffs' motion on November 4, 2010. At the hearing, Plaintiffs admitted that Defendant has paid $14,400.00 since the date of the original complaint, leaving $16,076.99 yet to be paid by Defendant.

## ANALYSIS

Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Plaintiffs' Motion for Default Judgment requests the same relief as their complaint.

On July 12, 2010, Plaintiffs filed an Affidavit in Support of Motion for Default Judgment outlining their request for attorney's fees and costs. (Docket Entry No. 11). A request for reasonable attorney's fees and costs is proper under ERISA. *See* 29 U.S.C. § 1132(g)(2). Plaintiffs' now seek $16,076.99, representing $28,846.99 in delinquent contributions owed through June of 2009, less $14,400.00 in payments received, plus $1,235.00 in attorney's fees, and $395.00 in costs. (Docket Entry No. 10).

## CONCLUSION

For the reasons above, Plaintiffs' Motion for Default Judgment is **GRANTED**. The

Default Judgment shall issue forthwith.

**IT IS SO ORDERED**.

                    S/Sean F. Cox
                    Sean F. Cox
                    United States District Judge

Dated: November 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2010, by electronic and/or ordinary mail.

                    S/Jennifer Hernandez
                    Case Manager